[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTIONS #150 AND #159
The parties were heard at length by the court on July 30, 1990. The issue of the payment of medical bills for the three minor children was hotly contested. The court issued a Memorandum of Decision dated August 6, 1990. The court found that neither party was all wrong; neither party was all right. No finding of contempt was made by this court at that time. The defendant had traveled from Ohio to Connecticut to be heard on this matter.
No attorney's fees were awarded to the plaintiff in the Memorandum of Decision dated August 6, 1990.
At the hearing held before this court on July 30, no request for attorneys's fees at the rate of $115 per hour was made, although attorney's fees were requested in plaintiff's motion.
The plaintiff requested a Clarification of the August 6, 1990 Memorandum which was heard on November 5, 1990. The court reiterated that no further attorney's fees were being awarded to the plaintiff.
At this hearing on the clarification, the plaintiff brought up Judge Ryan's comments of January 22, 1990 that indicated that if the plaintiff were successful in the question of the payment of medical bills she could be awarded attorney's fees at the rate of $115 per hour.
This court chose not to award attorney's fees in its Memorandum dated August 6, 1990.
The plaintiff has taken an appeal with respect to the question of attorney's fees being denied to the plaintiff. This court repeats — it did not appear that Judge Ryan ordered attorney's fees. Thus, this court did not vacate any order of Judge Ryan with respect to attorney's fees.
No claim was raised at the July 30, 1990 hearing with respect to a claim for attorney's fees as ordered by Judge CT Page 3751 Hauser. A review of the transcript does not indicate that a specific award of attorney's fees on behalf of the plaintiff was ever made. In fact, the children did not go to Ohio in July for 4 weeks and in fact, the plaintiff did not have to expend or incur any costs to retrieve her children from Ohio.
Plaintiff filed a motion with respect to the defendant violating Judge Hauser's orders of July 9, 1990. No request for attorney's fees was made at that hearing on July 13, 1990 or at the hearing held on July 16, 1990.
At the July 30, 1990 hearing, no request was made by the plaintiff for attorney's fees arising out of the orders of Judge Hauser.
The Motion for Clarification heard on November 5, 1990 had to do with the memorandum issued as a result of the court's hearings held on July 30, 1990.
In the Memorandum dated August 6, 1990 no contempt was found and no award of attorney's fees was ordered.
Judge Ryan did not enter an order for attorney's fees. Judge Hauser did not enter an order for attorney's fees.
The issue of whether this court vacated an award of attorney's fees is presently on appeal.
The question of an award of attorney's fees arising out of hearings held before Ryan, J. and Hauser, J., was not before this court on the hearing held on July 30, 1990. The issue could not be raised and bootstrapped into the plaintiff's Motion for Clarification. This court has clearly stated its position with respect to an award of attorney's fees arising out of hearings held before Ryan, J. and Hauser, J,
Further, it would be inappropriate for this court to make any ruling on Motions #150, and #159 entitled Motion To Enforce Order, both dated February 9, 1991, in view of the pending appeal.
COPPETO, J. CT Page 3752
[EDITORS' NOTE: THIS PAGE IS BLANK.]
CT Page 3753